**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-24937-CIV-SMITH**

MELVIN XAVIER ARGUETA-NUNEZ,

Petitioner,

v.

WARDEN, KROME NORTH SERVICE PROCESSING CENTER, *et al.*,

Respondents.
_______________________________________/

**ORDER GRANTING MOTION TO DISMISS AND DISMISSING PETITION AS MOOT**

This matter is before the Court upon Respondent's Motion to Dismiss the Petition as Moot (the "Motion") [DE 5]. Petitioner, Melvin Xavier Argueta-Nunez ("Petitioner") initiated this action on July 20, 2026, when he filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [DE 1] and corresponding Motion for Immediate Release [DE 3]. Petitioner challenged the legality of his immigration detention and sought either release or a bond hearing. (Pet. 3.) On July 23, 2026, Respondents filed the Motion, arguing that Petitioner was released from Immigration and Customs Enforcement ("ICE") custody on July 22, 2026, pursuant to his removal to Honduras. (Mot. 1–2.) As a result, Respondents argue that the case is moot. (Mot. 2–3.) In light of the Motion, the Court entered a Limited Order to Show Cause [DE 6], directing Petitioner to submit a brief on or before August 10, 2026, addressing whether the action is moot in light of the Motion. (Limited OSC 1–2.) Petitioner failed to do so, and that deadline has now long expired.

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) (citations omitted); *see also* U.S. Const. Art. III sec. 2. "This case-or-controversy requirement subsists

through all stages of federal judicial proceedings" and requires that parties have a continuous "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990) (citations omitted); *see also Ga. Ass'n of Latino Elected Officials, Inc. v. Gwinnett Cnty. Bd. of Reg.'s & Elections*, 36 F.4th 1100, 1117 (11th Cir. 2022) ("Mootness, like standing, is jurisdictional, as Article III's case and controversy requirement does not expire upon the filing of a pleading"). "The exercise of jurisdiction by the federal courts 'depends upon the existence of a case or controversy.'" *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

A "case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Fla. Assoc. of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) (citations omitted); *see also Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" (citation omitted)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give [a party] meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (citing *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam)).

"As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019) (citations omitted). "If a petitioner's sentence expires while his habeas petition is awaiting adjudication, some collateral consequence must be present in order to satisfy the case-or-controversy requirement." *Watkins v. Haynes*, 445 F. App'x 181, 183 (11th Cir. 2011) (per curiam) (citing *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968)). In the immigration context, a case is moot when a habeas petitioner challenging his "detention pending removal" is deported. *See Soliman v. United States ex. rel. INS*, 296 F.3d 1237, 1243 n.2 (11th Cir. 2002).

In this case, Petitioner's deportation extinguishes any "collateral consequence" to his detention, *see Watkins*, 445 F. App'x at 183, and deprives him of a "legally cognizable interest in the outcome" of the case, *see Powell*, 395 U.S. at 496. Therefore, the Court is without the ability to grant him "any relief, let alone meaningful relief." *Soliman*, 296 F.3d at 1243 n.2. Accordingly, the Court lacks jurisdiction over the action, and dismissal is necessary. *Id.* at 1242 (noting that "dismissal [of a moot case] is required because mootness is jurisdictional" and "[a]ny decision on the merits of a moot case or issue would be an impermissible advisory opinion" (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000))).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion [DE 5] is **GRANTED** and the Petition [DE 1] is **DISMISSED WITHOUT PREJUDICE** as moot. All pending motions are **DENIED AS MOOT**, all remaining deadlines are **TERMINATED**, and the case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, on this 20th day of August, 2026.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: **counsel of record**

**Melvin Xavier Argueta-Nunez,** ***pro se***
A# 205661553
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194